# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| SARA SHELLENE NOZISKA<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT,<br><br>Defendant. | Cause No. CV 13-69-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are Plaintiff Sara Noziska's Motion to Proceed in Forma Pauperis and proposed Complaint.

## I. Motion to Proceed in Forma Pauperis

Noziska submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Noziska must pay the statutory filing fee of $350.00. Noziska submitted an account statement showing she has insufficient funds to pay an initial partial filing fee. The initial partial filing fee will be waived but Noziska must make monthly payments of 20% of the preceding

1

month's income credited to her prison trust account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Noziska will be directed to forward payments from her account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statement of the Case

### A. Parties

Noziska is a prisoner proceeding without counsel. On her Complaint, Noziska indicated she was incarcerated at the Montana Women's Prison in Billings, Montana. Mail sent to her at that address was returned and remailed to Noziska at Passages in Billings, Montana. Pursuant to Local Rule 5.2, Noziska is required to promptly notify the Court of any change in mailing address by filing a Notice of Change of Address. Noziska must file a Notice of Change of Address as soon as possible to verify her current mailing addressing.

The named Defendant is United States District Court.

### B. Statement of Claims

Noziska does not make any specific claims in her Complaint. She provides the following statement: "The man that hurt me & kids was stalking me on the streets which caused a p.t.s.d. episode which made me unable to do pre-release and

get incarcerated. It felt like kill or be killed. I've been through a lot butt [sic] this traumatic also." (Dkt. 2, p. 6). She claims the following injuries: P.T.S.D., rhuematoid arthritis, fybromyalgia, and hepatitis C. She seeks medical benefits, physical therapy, medicines, doctor appointments, blood work, and benefits for medical and utilities. (Dkt. 2, p. 7).

### III. Prescreening

#### A. Standard

Noziska is a prisoner proceeding in forma pauperis so her Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is

3

plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

Noziska's Complaint does not state a cognizable claim upon which relief may be granted. It merely consists of a single sentence, a list of injuries and a list of relief requested. It is unclear what, if any, causes of action follow from the facts alleged by Noziska. In *Twombly*, the United States Supreme Court tightened the requirements for pleading a civil cause of action. The Supreme Court

4

explained that while a complaint "does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 127 S.Ct. at 1964-65 (internal citations, quotation marks and brackets omitted). The Supreme Court also explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 127 S.Ct. at 1965 n.3. The factual allegations necessary to make that showing "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. Noziska has not met this burden.

Not only has Noziska failed to state a claim, she has failed to name a proper defendant. The only named defendant is the United States District Court, which is a federal court. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) provides a remedy for civil rights violations committed by federal actors. But it is unclear what rights, if any, were violated by the district court based on the allegations made by Noziska.

Further, any cause of action that could be construed from Noziska's Complaint would be barred because the United States is entitled to sovereign immunity from any claim for damages unless immunity has been explicitly waived by Congress. *Dunn & Black, P.S. v. U.S.*, 492 F.3d 1084, 1088 (9th Cir. 2007).

5

This immunity extends to federal agencies and federal employees acting within their official capacities. *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). The United States has not explicitly waived the immunity of the United States and its agencies with respect to *Bivens* claims. *FDIC v. Meyer*, 510 U.S. 471, 483–86 (2004) (Bivens action cannot be brought against a federal agency).

To the extent the Complaint can be construed as raising claims against federal judges, those individuals are absolutely immune from liability for any actions they took in their judicial capacity. *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

The Court notes that Noziska filed two prior social security cases in this Court (Civil Action Nos. 07-CV-77-M-JCL and 09-CV-143-M-DWM) seeking review of the denial of her application for disability insurance benefits. The denial of benefits was affirmed. *See Noziska v. Astrue*, Civil Action No. 09-CV-143-M-DWM, Dkt. 27–Order dated August 5, 2010). To the extent Noziska is again seeking social security benefits, she would need to start at the administrative level.

## IV.  Conclusion

Noziska's Complaint fails to state any coherent causes of action. Even if the Complaint could be liberally construed to state causes of action not considered by the Court, Noziska's claims would be barred by sovereign immunity or judicial

immunity.  These defect are not capable of being cured by further amendment. The Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Noziska's Motion to Proceed in Forma Pauperis (Dkt. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Dkt. 2) to remove the word "LODGED" and the Complaint is deemed filed on April 1, 2013.

3. Noziska shall immediately file a notice of change of address providing the Court with her current mailing address.  At all times during the pendency of this action, Noziska SHALL IMMEDIATELY ADVISE the Court of any subsequent changes in her address.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed with prejudice.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Noziska's failure to state a claim.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Noziska may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Noziska files objections, she must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, she must itemize each recommendation to which objection is made and set forth the authority she relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Noziska from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of May, 2013.

Jeremiah C. Lynch
United States Magistrate Judge